UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:23-CR-00060-DCLC-CRW |
| | ) | |
| JESSICA LYNN BALL | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Jessica Lynn Ball's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 81]. The Federal Defender Services of Eastern Tennessee reviewed Defendant's motion for relief eligibility pursuant to § 3582(c)(1)(A) and notified the Court that it does not intend to file additional pleadings [Doc. 86]. The United States responded in opposition [Doc. 88]. As discussed below, Defendant's motion will be **DENIED**.

## I. BACKGROUND

In May 2024, Defendant pled guilty to possession with the intent to distribute fifty (50) grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) [Docs. 51, 56]. At sentencing, her guideline range was 262 to 327 months' imprisonment [Doc. 73 at 1]. However, the Court sentenced her to a lesser term of 151 months [Doc. 72 at 2]. Defendant is expected to complete her custodial sentence in January 2034. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (accessed September 4, 2026). She moves for compassionate release based on family circumstances [Doc. 81 at 1].[1]

[1] As an alternative to compassionate release, Defendant requests a furlough [Doc. 81 at 1]. However, the Court cannot grant that request because authority to order furloughs of federal inmates rests solely with the Bureau of Prisons. *See* 18 U.S.C. § 3622.

## II. DISCUSSION

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under the compassionate release statute, a district court is authorized to reduce a defendant's sentence if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).[2]

Here, Defendant asserts that her desire to care for her mother and children is an extraordinary and compelling reason for her release [Doc. 81 at 1]. In support of this claim, Defendant states that her mother, who has temporary custody of Defendant's two minor sons, has recently been diagnosed with AML leukemia [*Id.*]. Defendant states that her mother has been admitted to the hospital to undergo chemotherapy [*Id.*]. The United States contends that Defendant has not established an extraordinary and compelling reason because she did not provide any documentation to support her claim [Doc. 88 at 3]. The United States also argues that the § 3852(c)(1)(A) factors weigh against her release [*Id.* at 4].

---

[2] In order to obtain compassionate release, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Defendant has satisfied the exhaustion requirement because she requested compassionate release from the warden at her prison and more than thirty days have passed since she made that request [*See* Doc. 88-2].

The death or incapacitation of the caregiver of the defendant's minor child can serve as a basis for compassionate release. U.S.S.G. § 1B1.13(b)(3)(A). And a defendant may also establish extraordinary and compelling circumstances when a parent is incapacitated, and she is the only available caregiver. *Id.* § 1B1.13(b)(3)(C). However, as the United States points out, Defendant has not provided any documentation to show that her mother is incapacitated. Moreover, Defendant has not established that she is the only available caregiver for her mother or provided information about who is currently caring for her children. *See* U.S.S.G. § 1B1.13(b)(3). Without such evidence, the Court cannot find that Defendant's family circumstances are an extraordinary and compelling reason for her release.

## III. CONCLUSION

Because Defendant has not established an extraordinary and compelling circumstance warranting a sentence reduction, her motion for compassionate release [Doc. 81] is **DENIED**.

**SO ORDERED.**

**ENTER:**

s/Clifton L. Corker
United States District Judge